# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                  **NO. 14-168**

**CLIFFORD SONNIER**                                 **SECTION I**

## ORDER AND REASONS

The Court has pending before it a motion[1] filed by defendant, Clifford Sonnier ("Sonnier"), to sever his trial from that of certain co-defendants. The government has filed a response.[2] For the following reasons, Sonnier's motion is **DENIED**.

## BACKGROUND

On August 7, 2014, the grand jury returned an indictment[3] in this case which was superseded on February 12, 2015.[4] Sonnier is charged in counts one, two, and sixteen of the sixteen-count superseding indictment. Count one charges that between no later than January 1, 2010, and continuing until on or about November 20, 2013, Sonnier and all eleven co-defendants conspired to distribute and to possess with the intent to distribute one (1) kilogram or more of heroin and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846.[5] Count two charges that between no later than August 1, 2012, and continuing until on or about July 9, 2013, Sonnier and six co-defendants conspired to possess firearms in furtherance of drug trafficking crimes alleged in the

---

[1]R. Doc. No. 234.
[2]R. Doc. No. 275.
[3]R. Doc. No. 1.
[4]R. Doc. No. 174.
[5]R. Doc. No. 174, at 2.

1

superseding indictment in violation of 18 U.S.C. § 924(o).[6] Count sixteen charges that on September 11, 2013, Sonnier distributed a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[7] Other counts in the superseding indictment charge certain co-defendants, but not Sonnier, with specific gun-related violations of federal law, including three counts charging certain defendants with causing the deaths of four people through the use of firearms in violation of 18 U.S.C. §§ 924(c)(1) and (j).[8]

## LAW & ANALYSIS

"The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "It is the rule, therefore, not the exception, that persons indicted together should be tried together, especially in conspiracy cases." *Id.* (internal quotation marks omitted).

Rule 14(a) of the Federal Rules of Criminal Procedure authorizes separate trials of jointly-indicted defendants if the joinder "appears to prejudice a defendant." "Severance is proper only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *McRae*, 702 F.3d at 822 (internal quotation marks omitted). "When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Zafiro*, 506 U.S. at 539. "[L]ess drastic measures [than severance], such as limiting

---

[6] R. Doc. No. 174, at 2-3.
[7] R. Doc. No. 174, at
[8] *See* R. Doc. No. 174, at 4-5, 7-8.

instructions, often will suffice to cure any risk of prejudice." *Id.*

Sonnier contends that if he is tried alongside the co-defendants charged with causing deaths through the use of firearms, the "government will present highly prejudicial and inflammatory evidence in connection with [those] charges . . . that will have no applicability whatsoever to Sonnier."[9] He asserts that the evidence at trial will include "graphic and inflammatory autopsy photos of the victims" and that such evidence "will doubtless have the effect of associating Sonnier with these crimes."[10] He also contends that his role is "minute compared to those who have been much more active in the alleged conspirac[ies]," which further enhances the prejudice to him from a joint trial.[11] The government responds that "Sonnier overstates the danger of spillover prejudice" and that Sonnier has not shown that the jury might convict him on any improper basis.[12]

Sonnier's arguments are similar to those rejected by the Fifth Circuit in *United States v. Posada-Rios*, 158 F.3d 832 (1998). In *Posada-Rios*, twelve defendants were tried together on "substantially interrelated" conspiracy charges after several motions to sever were denied. *See id.* at 862-63. On appeal, several defendants argued that "they were prejudiced by evidence of crimes committed by co-conspirators, including gruesome murders, before they joined the conspiracies." *Id.* at 863. The Fifth Circuit dismissed that argument, noting that "the district court must guard against undue prejudice, [but] it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *Id.* (internal quotation marks omitted). The Fifth Circuit also dismissed "mere generalized criticism" about the length of trial and the number of co-

---

[9]R. Doc. No. 234-1, at 2.
[10]R. Doc. No. 234-1, at 2.
[11]R. Doc. No. 234-1, at 3.
[12]R. Doc. No. 275, at 2-3.

defendants. *Id.* (internal quotation marks omitted). Finding no compelling prejudice from the joint trial which would warrant reversal, the court emphasized the trial court's precautionary instruction to the jury "that the case against each individual should be considered separately," which "the court presumes that the jury followed." *Id.* at 863-64.

The Court will address the prejudice hypothesized by Sonnier as it will instruct the jury that it should consider the evidence against each defendant separately, as was endorsed in *Posada-Rios*. The Court will also take any other appropriate protective measures that are warranted. For example, although Sonnier contends that the Court should "assume the government will present the crime scene and autopsy photos of all four of the victims repeatedly for each co-defendant charged with these murders,"[13] the Court will enforce the Federal Rules of Evidence and exclude needlessly cumulative or unfairly prejudicial evidence, to the extent that such a determination is made. *E.g.*, Fed. R. Evid. 403.

The cases on which Sonnier relies do not compel severance on these facts. *United States v. Kelly* involved a conspiracy to sell stock in a company "without disclosure of the true condition of the company" and "by means of fraud." 349 F.2d 720, 755 (2d Cir. 1965). *United States v. Gallo* involved a prosecution of the Gambino crime family. *See* 668 F. Supp. 736, 738 (E.D.N.Y. 1987). *Kelly* and *Gambino* each turn on the individualized prejudice of a joint trial to specific defendants based on the particular circumstances present in those cases; Sonnier does not articulate how either case warrants a departure in this case from the general "rule . . . that persons indicted together should be tried together, especially in conspiracy cases." *McRae*, 702 F.3d at 821 (internal quotation marks omitted).

---

[13]R. Doc. No. 234-1, at 2.

In sum, it appears at this time that whatever prejudice might follow from trying Sonnier jointly with co-defendants charged with killings can be sufficiently addressed through other remedies, including careful and specific limiting jury instructions, without resort to the drastic remedy of severance, *see Zafiro*, 506 U.S. at 539, and that the benefits of judicial efficiency of a joint trial are not far outweighed in this particular case.[14]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Sonnier's motion to sever is **DENIED**.

New Orleans, Louisiana, April 8, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[14]Sonnier may reurge this issue as it develops at trial. *See United States v. Morgan*, No. 13-151, 2014 WL 4443492, at *6 (E.D. La. Sept. 9, 2014) (Fallon, J.) (denying motion to sever but noting that "this Court can revisit this issue as the trial unfolds if evidence and testimony is presented that is irrelevant to [defendant] and inflammatory to him.").