UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 14-168** |
| **CLIFFORD SONNIER** | **SECTION I** |

### ORDER & REASONS

Before the Court is defendant Clifford Sonnier's ("Sonnier") motion[1] for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government opposes the motion.[2] For the following reasons, the motion is denied.

### I.

On September 23, 2015, Sonnier pled guilty to count one of a superseding indictment which charged him with conspiracy to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and 280 grams or more of a mixture of substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[3] On January 15, 2016, the Court sentenced Sonnier to a term

---

[1] R. Doc. No. 881.
[2] R. Doc. No. 887.
[3] R. Doc. No. 174, at 2; R. Doc. No. 419.

of 160 months in the custody of the Bureau of Prisons ("BOP").[4] The Court also imposed a five-year term of supervised release.[5]

Sonnier now requests compassionate release pursuant to the First Step Act.[6] Sonnier argues, pro se, that his medical conditions and the lack of prevention measures at Victorville USP to contain the spread of COVID-19, including the lack of available medical assistance, constitute extraordinary and compelling reasons for a sentence reduction.[7] Specifically, Sonnier alleges that he suffers from asthma and respiratory conditions.[8] Sonnier also contends that he needs to be released to care for elderly family members who "don't have anyone else to take care of them."[9] Sonnier additionally provides a copy of an inmate request form, dated March 28, 2020, in which he asks the warden of Victorville USP to file a § 3582(c)(1)(A)(i) motion for compassionate release on his behalf.[10] In light of these alleged circumstances, Sonnier asks that the Court reduce his sentence to time served.[11]

---

[4] R. Doc. No. 567, at 2. Sonnier is currently housed at Victorville USP and has a projected release date of April 24, 2026. *See* https://www.bop.gov/inmateloc/ (last visited June 29, 2020).
[5] R. Doc. No. 567, at 3.
[6] R. Doc. No. 881.
[7] *See id.* at 2.
[8] *Id.* at 2.
[9] *Id.* at 3. Sonnier also points to his successful completion of programming while incarcerated and his progress towards earning his GED. *Id.* The Court received a letter from Sonnier reiterating the arguments in his motion with numerous certificates of completion attached.
[10] *Id.* at 6.
[11] R. Doc. No. 81, at 2, 6.

The government opposes Sonnier's motion and argues that it should be denied because Sonnier's medical conditions are not an "extraordinary and compelling" reason that warrants his release.[12] The government notes that neither Sonnier's presentence investigation report nor Sonnier's medical records, attached as an exhibit to its motion, present credible evidence of poor health or mention asthma or any respiratory illnesses, besides allergies.[13] The government describes BOP's general response to COVID-19 and outlines the various precautions being taken to safeguard inmates nationwide.[14]

The government also observes that Sonnier's presentence investigation report documented the violent conduct of the drug trafficking organization that Sonnier sold drugs with, including multiple murders and shootings.[15] The government also attaches Sonnier's BOP disciplinary record, which includes a complaint that Sonnier "grabb[ed] [a] staff member on the breast and continue[d] to grab her and pull her close."[16] Sonnier denied the allegation, but the BOP sustained the complaint.[17]

## II.

In relevant part, 18 U.S.C. § 3582(c)(1)(A)(i) provides that a court may not modify a term of imprisonment unless a motion is made after the prisoner has exhausted his administrative remedies and the court, after considering the factors

---

[12] R. Doc. No. 887, at 22–23.
[13] *Id.* at 23 (citing R. Doc. No. 513, at 29).
[14] *Id.* at 4–8.
[15] *Id.* at 25 (citing R. Doc. No. 513, at 15–18).
[16] R. Doc. No. 887-2, at 1.
[17] *Id.*

set forth in 18 U.S.C. § 3553(a), finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's relevant policy statement provides that extraordinary circumstances exist when the defendant suffers from a terminal illness or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. Family circumstances may also serve as a basis for compassionate release if the caregiver of a defendant's minor child has died or become incapacitated, or if a defendant's spouse or registered partner has become incapacitated and the defendant is the only available caregiver for that person. *Id.*

Although, historically, sentence reductions could be ordered only upon a motion by the Director of the BOP, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). However, the Sentencing Commission's policy statements have not been amended since the enactment of the First Step Act and, consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as

amended. The relevant policy statement continues to plainly provide that a term of imprisonment may be reduced only upon a motion by the Director of the BOP upon a finding of extraordinary circumstances warranting a sentence reduction and a determination that the defendant is not a danger to the safety of any person or the community at large. U.S.S.G. § 1B1.13 cmt. n.4. This discrepancy has been recognized by many courts. *See United States v. Perdigao,* 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.) (collecting cases).

Many courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. *See, e.g., United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). These district courts have found that they have discretion to determine what constitutes "extraordinary and compelling reasons" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive. *See id.* ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) ("[W]hen a defendant brings a motion for a sentence reduction under the amended provision, the Court can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant granting relief.").

Accordingly, the Court will consider whether Sonnier has presented the Court with evidence that "extraordinary and compelling reasons" warrant compassionate release and that he does not pose a danger to the safety of any other person or the community, all in light of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a).

### A. Exhaustion of Administrative Remedies

Section 3582 allows a court to consider a defendant's motion for modification of a term of imprisonment only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The government initially opposed Sonnier's motion on the ground that Sonnier had failed to exhaust his administrative remedies.[18] The government noted that the warden had not yet made a decision on Sonnier's request, and it attached an email from an administrator at Victorville USP dated May 29, 2020—less than thirty days before Sonnier filed his motion—that acknowledged receipt of Sonnier's request for compassionate release.[19] Pursuant to this Court's order,[20] the government provided an update on June 25, 2020, which stated that the warden had denied Sonnier's request for compassionate release the previous day.[21] Accordingly, Sonnier has

---

[18] R. Doc. No. 887, at 10.
[19] R. Doc. No. 887-3.
[20] R. Doc. No. 888.
[21] R. Doc. No. 889.

6

exhausted his administrative remedies and the Court has jurisdiction to consider Sonnier's motion. *See* § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Although the policy statements of the Sentencing Commission have not been amended to reflect the statutory changes brought about by the First Step Act, the policy statements are nevertheless instructive to the Court's determination of whether there are "extraordinary and compelling reasons" that warrant a reduction of Sonnier's sentence. *See United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (Fallon, J.); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Sentencing Commission's relevant policy statement provides, in pertinent part, that extraordinary circumstances exist when the defendant suffers from "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or a "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).

Sonnier claims to suffer from asthma and other respiratory conditions.[22] As the government observes, the presentence investigation report does not mention these illnesses, and Sonnier's BOP medical records do not reflect that they have manifested while Sonnier has been in BOP custody.[23]

---

[22] R. Doc. No. 881, at 2.
[23] *See* R. Doc. No. 513, at 29 ¶¶ 135–36; R. Doc. No. 887-4; *see also United States v. Delgado*, No. 17-242, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (asserting

Accordingly, Sonnier has failed to establish that he is "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of [his] correctional facility." U.S.S.G. § 1B1.13 cmt. n.1; *see United States of America v. Sarah Paxton*, No. 17-121, 2020 WL 4498832, at *2 (W.D. La. Aug. 4, 2020) (holding that the defendant failed to meet her burden of showing entitlement to a sentence reduction when she "claim[ed] to have a history of severe asthma with occasional flare-ups" but provided no evidence of this condition); *United States v. Pagan Zapata*, No. 18-235, 2020 WL 4464660, at *2 (N.D. Tex. Aug. 3, 2020) (finding that the defendant's asthma did not constitute an extraordinary and compelling reason for release because, although he reported having asthma to the Court before his sentencing, he failed to provide recent medical records supporting his claim that the illness severely worsened while in BOP custody); *see also United States v. Curry*, No. 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22, 2020) (Vance, J.) ("Even assuming [the defendant] is afflicted with [severe asthma, hypertension, high cholesterol, and PTSD], none places him on an 'end of life' trajectory; nor do these conditions 'substantially diminish[] [his ability] to provide self-care within the environment of a correctional facility" as the Guidelines provide.") (quoting U.S.S.G. § 1B1.13, cmt n.1(A)).

---

that records are a necessity in cases like this one because the Court "must consider every prisoner individually and [is] cautious about making blanket pronouncements that [particular] categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic").

8

Sonnier's family circumstances similarly do not warrant compassionate release. While the Court understands Sonnier's desire to care for his elderly relatives, this is not a case in which he is the only available caregiver for a minor child or registered partner or spouse. *See* U.S.S.G. § 1B1.13, cmt. n.1(C)); *United States v. Brown,* No. 18-29, 2020 WL 3440941, at *4 (S.D. Miss. June 23, 2020) ("Even if the policy statement could stretch to include a defendant's elderly parent, there is no indication that Brown is the only potential caregiver for his mother. Additionally, there is no evidence that Brown's mother actually requires care."); *United States v. Crandle*, No. 10-35, 2020 WL 2188865, at *2 (M.D. La. May 6, 2020) (holding that a defendant's need to care for his elderly, ailing parents was not an extraordinary and compelling reason to reduce his sentence).

Sonnier's concerns regarding COVID-19 also do not warrant a reduction of his sentence.  BOP is undertaking measures to curb the spread of COVID-19 and to limit inmates' risk of contracting it.[24]  Sonnier has alleged only general concerns that Victorville USP is ill-prepared to manage a potential COVID-19 outbreak at the facility and that being in a carceral setting raises the risk of COVID-19 infection.[25] Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582. *See United States v. Clark*, No. 17-85, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence

---

[24] *See* R. Doc. No. 887, at 4–8.
[25] *See* R. Doc. No. 881, at 2.

9

modification."); *United States v. Zywotko*, No. 19-113, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.") (quoting *United States v. Eberhart*, No. 13-00313, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)); *United States v. Gileno*, No. 19-161, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) ("With regard to the COVID-19 pandemic, Mr. Gileno has also not shown that the plan proposed by the Bureau of Prisons is inadequate to manage the pandemic within Mr. Gileno's correctional facility, or that the facility is specifically unable to adequately treat Mr. Gileno."); *United States v. Emmons*, No. 16-98, 2020 WL 3086606, at *2 (S.D. Miss. June 10, 2020) ("Were such concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).").

While the Court is alert to the risks of COVID-19 infection in correctional facilities, Sonnier has also not demonstrated that BOP's response to the COVID-19 pandemic and the protocols it has implemented to curtail the spread of the virus are inadequate.[26] Moreover, the existence of COVID-19 at Victorville USP alone cannot

---

[26] As the government advised, BOP has implemented revised preventative measures for all institutions, including quarantine and isolation procedures, to require that all newly-admitted inmates be assessed using a screening tool and temperature check. R. Doc. No. 887, at 4–8; *see BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited August 8, 2020). Asymptomatic inmates are placed in quarantine for a minimum of 14 days or until cleared by medical staff, and symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation. *Id.*

independently justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### C. Safety to Others and the Community

Even if the Court were to find that Sonnier's circumstances presented extraordinary and compelling reasons to grant compassionate release, he still has not demonstrated that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Sonnier's criminal history includes convictions for illegal carrying of a weapon and possession of cocaine, among others.[27] In the factual basis for the plea agreement, pursuant to which Sonnier is now incarcerated, he agreed that he was involved in a conspiracy that distributed one kilogram or more of heroin and 280 grams or more of cocaine.[28] Sonnier also agreed that he sold cocaine base on hundreds of occasions.[29] BOP disciplinary records reflect that Sonnier has continued to be a danger to others while incarcerated, including the previously-described incident in which he inappropriately touched a female staff member.[30] The nature and

---

[27] R. Doc. No. 513, at 25 ¶ 115.
[28] R. Doc. No. 421, at 1.
[29] *Id.* at 2.
[30] *See* R. Doc. No. 887-2.

11

circumstances of the instant offense combined with Sonnier's history of violent behavior demonstrate that he would be a danger to the community if released. *Cf. Perdigao*, 2020 WL 1672322, at *4 (finding that the defendant was not a danger to the community, because although he pled guilty to a number of serious crimes, none were crimes of violence or offenses involving controlled substances).

### III.

After reviewing the § 3553(a) factors[31] and considering the applicable policy statement by the Sentencing Commission, the Court does not find that there are compelling or extraordinary reasons warranting a reduction of Sonnier's sentence.

Accordingly,

**IT IS ORDERED** that Sonnier's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

New Orleans, Louisiana, August 11, 2020.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[31] The Court has specifically considered 18 U.S.C. § 3553(a)(1), (2)(A)–(C), and (5).